UNITED STATES, Appellee,

v.

Staff Sergeant Randy W. TURNER, 263–37–6769, United States Army, Appellant.

ACMR 9200290.

U.S. Army Court of Military Review.

29 Sept. 1992.

---

For Appellant: Captain Lida A.S. Savonarola, JAGC, USAR, Captain Timothy M. Lawlor, JAGC (on brief).

For Appellee: Lieutenant Colonel Joseph A. Russelburg, JAGC.

Before De GIULIO, ARKOW, and WALCZAK, Appellate Military Judges.

## OPINION OF THE COURT

DE GIULIO, Senior Judge.

Appellant was tried by a general court-martial composed of officer and enlisted members. Pursuant to his pleas, he was found guilty of violating a lawful general regulation by black marketing over $15,000 worth of property and four specifications of signing a false official record, in violation of the Uniform Code of Military Justice, Articles 92 and 107 [hereinafter UCMJ], 10 U.S.C. §§ 892 and 907 (1982). He was sentenced to a bad-conduct discharge, total forfeitures, and reduction to Private E1. The convening authority reduced the forfeitures to $523.00 pay per month for six months but otherwise approved the sentence.

Although not asserted by appellant, we find that his plea to one of the offenses of signing a false official document was improvident. We will set aside the finding of guilty of that specification and will reassess the sentence.

While on duty in South Korea, appellant met the ubiquitous Mr. Lee. By agreement, Mr. Lee provided appellant money and appellant purchased duty-free items from the Army and Air Force Exchange. He delivered the items to Mr. Lee. Over a period of time and in exchange for purchasing the items, Mr. Lee paid appellant approximately $2,000.00. Of course, Mr. Lee was a Korean national and not entitled to the duty-free goods. Fearing that his criminal conduct would be discovered, appellant created or had created false bills of sale indicating that the items had been sold to other service members who were entitled to the possession of duty-free goods in Korea. These bills of sale were required by regulation for the purpose of accounting for goods which U.S. forces could import into Korea duty free. Three of the bills of sale involved in this case are clearly false. The fourth document reflects that appellant sold a video cassette recorder to another U.S. soldier for $75.00. The stipulation of fact does not discuss this offense. During the providence inquiry, the appellant disclosed that he did not sell the VCR to

the other soldier but that he gave it to him as a gift. The military judge questioned appellant's intent to deceive under the circumstances. He apparently accepted trial defense counsel's assertion that appellant falsely recorded a sale for $75.00 in an attempt to avoid any further inquiry by authorities so they would not discover his other black-marketing activities.[1]

 The purpose of UCMJ art. 107, commonly termed a false official statement, is to protect government departments and agencies from the perversion of their official functions which might result in deceptive practices. *United States v. Jackson*, 26 M.J. 377 (C.M.A.1988). Before accepting a plea of guilty, a military judge is required to conduct a searching and detailed inquiry of the accused to determine if he understands his plea, that it is entered voluntarily, and that the accused is in fact guilty. *See United States v. Davenport*, 9 M.J. 364 (C.M.A.1980); *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969). Where a possible defense is raised during the inquiry, the military judge must insure that the defense is not available to an accused. *United States v. Jemmings*, 1 M.J. 414 (C.M.A.1976).

In the case before us, we are not convinced that the military judge's inquiry established that appellant had the intent to deceive which was contemplated by UCMJ art. 107. The document executed by appellant satisfied the purpose of the regulation accounting for duty-free goods. Although the "bill of sale" may have been false in minor respects, it is difficult to see the perversion of a governmental official function. The military judge's initial reaction to this offense during the providence inquiry was correct. We hold that appellant's plea to this offense was improvident.

Other assertions of error, to include those raised personally by appellant, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A.1982), are without merit.

The finding of guilty of Specification 4 of Charge II is set aside. Specification 4 of Charge II is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the entire record, the error noted, and *United States v. Sales*, 22 M.J. 305 (C.M.A.1986), the sentence is affirmed.

Judge ARKOW and Judge WALCZAK concur.

---

1. We question the propriety of the charge under the circumstances of this case. The other specifications against appellant are clear and serious. The allegation of this offense may have been counterproductive and may have indicated an overreaching by the government. This overreaching may have been a factor in the relatively lenient sentence adjudged by the court.